J-A11029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARSHAY REQWAN DUNBAR | : | |
| | : | |
| Appellant | : | No. 1032 WDA 2022 |

Appeal from the PCRA Order Entered August 4, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000100-2017

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED: July 10, 2023**

Appellant, Barshay Reqwan Dunbar, appeals from the post-conviction court's August 4, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This Court previously set forth the facts of Appellant's case, as follows:

> On October 28, 2016, the Cambria County's Department of Emergency Services ("Dispatch") received a call from Dianna Jones, Manager ("Manager"), Super 8 Motel ("Motel"), 627 Solomon Road, Johnstown, Pennsylvania. She asked for a Richland Police officer to return her call, and Officer Scott Conahan called her. She told Officer Conahan that she believed a prostitution ring was being operated out of Room 307 and directed him to Backpage.com where the services were being advertised. Officer Conahan visited the website and confirmed what the Manager had told him. The advertisement contained photos of several females, one of which appeared to be a minor. Officer Conahan apprised Sergeant Jerry Martin of the situation. Concerned with the age of one of the females, Sergeant Martin,

---

[*] Retired Senior Judge assigned to the Superior Court.

Officer Conahan, and Detective Brett Hinterliter went to the Motel to investigate. At the Motel, the Manager pointed out individuals getting into a vehicle and starting to drive away as the parties she believed to be involved in the prostitution ring. Officers were able to stop the vehicle before it left the Motel's parking lot. There were three occupants in the vehicle: [Appellant] was in the passenger seat; Tiffany Simms ("Simms") was driving; and Autumn Yocum ("Yocum") was in the back seat. Sergeant Martin asked Yocum to exit the vehicle and directed her to the back of the car so he could talk to her. Sergeant Martin informed Yocum that they were investigating a potential prostitution ring. Yocum then admitted that she and Simms were prostituting themselves, and that [Appellant] was responsible for setting the appointments, the services to be performed and the prices to charge. As Sergeant Martin approached Detective Hinterliter to relay what he had learned from Yocum, Detective Hinterliter told him that he saw a pack of Newport cigarettes thrown out of the car window prior to the car coming to a stop. He retrieved the pack of cigarettes and when he opened it, he found a bundle of heroin. [Appellant] was arrested, and the parties were transported to the police station for questioning. Prior to transportation, however, Sergeant Martin saw several cell phones in the vehicle. Simms told Sergeant Martin the cell phones belonged to [Appellant].

*Commonwealth v. Dunbar*, No. 481 WDA 2018, unpublished memorandum at *1-2 (Pa. Super. filed Mar. 29, 2019) (original brackets omitted; quoting Trial Court Opinion, 7/10/18, at 2-3 (footnotes omitted)).

Appellant was arrested and charged with various offenses. Following a jury trial, he was convicted of two counts of trafficking in individuals, five counts each of promoting prostitution, criminal use of a communication facility, and three counts of possession with intent to deliver a controlled substance.[1] He was sentenced to an aggregate term of 13 to 26 years' incarceration on January 2, 2018. Appellant filed a timely appeal from his

---

[1] 18 Pa.C.S. §§ 3011(a)(1) & (2); 5902(b)(1), (3), (4), (5) & (8); 7512(a), and 35 P.S. §§ 780-113(A)(30) & (16), respectively.

judgment of sentence and, after this Court affirmed, our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *See Commonwealth v. Dunbar*, 215 A.3d 693 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 217 A.3d 1209 (Pa. 2019).

On November 30, 2020, Appellant timely filed a counseled PCRA petition. He was represented by Jerome J. Kaharick, Esq. In that petition, Appellant alleged that his trial counsel, Timothy Burns, Esq., acted ineffectively by not calling to the stand at trial certain witnesses. *See* PCRA Petition, 11/30/20, at 2 (unnumbered). On May 17, 2021, the court conducted a hearing on Appellant's petition, at which only Appellant and Attorney Burns testified. On May 19, 2021, the court issued an order dismissing Appellant's petition. Appellant filed a timely appeal, and he then complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant set forth his ineffectiveness claim against Attorney Burns, and he also claimed (for the first time) that his PCRA counsel, Attorney Kaharick, had acted ineffectively in representing Appellant during the post-conviction proceedings.

In the PCRA court's Rule 1925(a) opinion, it explained that Appellant's trial-counsel-ineffectiveness claim was meritless because he did not call to the stand at the PCRA hearing any of the individuals whom he claimed Attorney Burns should have called at trial. *See* PCRA Court Opinion, 9/23/21, at 5-6. In regard to Appellant's claim that Attorney Kaharick had acted ineffectively

during the PCRA proceedings, the court concluded that Appellant could not raise this issue for the first time on appeal. *Id.* at 6.

Shortly after the PCRA court's opinion was filed, our Supreme Court decided ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), holding that a petitioner may "raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal[,]" after which the appellate court may "remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." *Id.* at 401-02. In response to ***Bradley***, the Commonwealth filed with this Court an "Application for Relief in Lieu of Appellee's Brief in the Form of [a] Motion to Remand," conceding that Appellant was entitled to a remand for the PCRA court to consider his claim that Attorney Kaharick acted ineffectively during the PCRA proceedings. On March 22, 2022, this Court issued a *per curiam* order vacating the PCRA court's order dismissing Appellant's PCRA petition, and remanding the case "for the PCRA court to conduct a hearing to review Appellant's ineffectiveness claim." Order, 3/22/22, at 1 (single page).

On June 16, 2022, the PCRA court conducted a hearing.[2] There, Appellant called to the stand Elyse Young and Sterling Carroll, two of the individuals whom Appellant had purportedly asked Attorney Burns to call as

_____

[2] Appellant was represented by new counsel, Richard M. Corcoran, Esq., who remains Appellant's counsel on appeal.

trial witnesses.[3]  First, Ms. Young testified that she is Ms. Simms' cousin, and she has also known Appellant for approximately 17 years.  N.T. Hearing, 6/16/22, at 12.  Ms. Young explained that Ms. Simms and Appellant "sometimes … slept together" and that, even after their intimate relationship ended, the two remained friends.  *Id.* at 14-15.  Ms. Young admitted that she did not have first-hand knowledge of the activities that were occurring at the Super 8 Motel in October of 2016.  *Id.* at 15.  She testified that she was available and willing to testify at Appellant's trial, but she was never contacted to do so.  *Id.* at 16, 17.

Next, Mr. Carroll testified that he knows Ms. Simms, and he has also been friends with Appellant since around 2013.  *Id.* at 20.  Mr. Carroll stated that he was "hang[ing] out and drinking" with Appellant and Ms. Simms at the Super 8 Motel the night before Appellant was arrested in October of 2016.  *Id.* at 21, 23.  He testified that they all used marijuana, but that he did not observe anyone using any other illegal substances or participating in any illegal activities.  *Id.* at 24.  Mr. Carroll also stated that Ms. Simms seemed happy to be there and was having fun.  *Id.* at 25.  Mr. Carroll testified that Appellant took him home at approximately 4:00 a.m., and Appellant was then arrested later that morning.  *Id.* at 24, 25.  Mr. Carroll stated that he was

---

[3] Appellant also called Erin Walker to testify at the PCRA hearing.  However, he raises no claim on appeal pertaining to Ms. Walker.  Thus, we do not address her testimony herein.

willing and available to testify at Appellant's trial, but he was never contacted to do so. *Id.* at 26.

At the close of the PCRA hearing, the court directed the parties to submit memoranda detailing their respective legal arguments, and they each complied. On August 4, 2022, the court issued an order and opinion denying Appellant's petition. He filed a timely notice of appeal and complied with the court's order to file a Rule 1925(b) statement. The court thereafter filed a "Statement in Lieu of Opinion" indicating that it was relying on the rationale set forth in its August 4, 2022 order and opinion to support its denial of Appellant's petition.

Herein, Appellant raises one issue for our review: "Whether the [PCRA] court erred in ruling that trial counsel was not ineffective for failing to call various witnesses identified and available to testify at trial?" Appellant's Brief at 4.

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the

circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Preliminarily, we note that when this Court vacated the initial order denying Appellant's petition, we remanded his case for Appellant to have the opportunity to litigate, before the PCRA court, his claim that **Attorney Kaharick provided ineffective assistance** by not calling Ms. Young and/or Mr. Carroll to the stand at the initial PCRA hearing on May 17, 2021. However, as the PCRA court observes, Appellant "did not call Attorney Kaharick as a witness during the June 16, 2022[] PCRA hearing." PCRA Court Opinion (PCO), 8/4/22, at 6. The PCRA court concluded that, "[w]ithout [Attorney Kaharick's] testimony, it is not possible for this [c]ourt to determine whether he had a rational basis for failing to call these witnesses during the initial PCRA hearing." *Id.* Appellant also offers no argument on appeal that Attorney Kaharick acted ineffectively. Instead, he solely argues that **Attorney Burns**

was ineffective for not calling Ms. Young and Mr. Carroll to the stand at trial. *See* Appellant's Brief at 14-18.

In light of this record, we conclude that Appellant has not proven he is entitled to relief on his claim that Attorney Kaharick acted ineffectively by not calling Ms. Young and Mr. Carroll to the stand at Appellant's original PCRA hearing in May of 2021. In any event, even had Appellant established that Attorney Kaharick had no reasonable basis for failing to call these witnesses at the original PCRA hearing, we would agree with the PCRA court that the testimony of Ms. Young and Mr. Carroll at the June 16th hearing demonstrates that Appellant would not have been entitled to relief on his trial-counsel-ineffectiveness claim. *See* PCO at 6 ("[I]t appears clear based on the testimony of these witnesses on June 16[th] that [Appellant's] arguments in this [p]etition would have failed.").

When raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations and quotations omitted).

Here, we would conclude that Appellant failed to prove that Ms. Young's and/or Mr. Carroll's testimony would have been beneficial to his case, such that the absence of their testimony denied him a fair trial. Ms. Young's testimony that Appellant and Ms. Simms had an intimate relationship and were friends has no bearing on whether Appellant committed the at-issue offenses. Ms. Young admitted that she had no first-hand knowledge of the activities occurring in the Super 8 Motel in October of 2016. Additionally, while Mr. Carroll testified that he observed nothing illegal when he was with Appellant and Ms. Simms at the hotel the night before Appellant was arrested, Appellant offers no explanation for how this testimony would have benefitted his defense under the circumstances of this case. Namely, as stated *supra*, the manager of the Super 8 Motel told police that she believed a prostitution ring was being operated out of room 307, and her suspicions were corroborated by the advertisements for prostitution services on the website Backpage.com. The manager identified Appellant, Ms. Yocum, and Ms. Simms as individuals she believed were participating in the prostitution ring. When Ms. Yocum was then questioned by police, she admitted that she and Ms. Simms were prostituting themselves and that Appellant set up the appointments and services to be performed, as well as the prices to be paid. Police also found a bundle of heroin in a package of cigarettes thrown out of the car in which Appellant was a passenger.

Appellant does not explain how Mr. Carroll's testimony would have countered, in any significant way, this evidence of Appellant's guilt. Instead, Appellant simply states that had Ms. Young and Mr. Carroll testified,

> the jury's determination of Ms. Simms's credibility on a number of issues could have been called into question. In short, their absence denied … Appellant a fair trial in that the jury was not able to gauge the credibility of Ms. Simms with the benefit of conflicting testimony.

Appellant's Brief at 18. This cursory argument is inadequate to prove that Attorney Burns' failure to call Mr. Carroll, or Ms. Young, to the stand deprived Appellant of a fair trial. Thus, even had Attorney Kaharick called these witnesses at the original PCRA hearing, we would conclude that their testimony would not have demonstrated that Attorney Burns acted ineffectively for failing to call them at trial. Accordingly, the PCRA court did not err in denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2023